**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-4170

_____

SHAUKAT ALI,

Appellant

v.

TEHMINA ALI; RIZWAN MAHMOOD; SALEEMA AKTHAR;
CAVALRY PORTFOLIO SERVICES, LLC; MARY ZMIGRODSKI;
WASSWERMAN AND SCHACHMAN Counselors at Law;
ESTATE OF RONALD H. SCHACHMAN, through Mrs. Barbara H. Schachman;
JANIS W. GERBER AWAN; DAVID B. WASSERMAN Late Through Estate of David
B. Wasserman

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 11-cv-4864)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2012

Before: JORDAN, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed:  May 25, 2012)

_____

OPINION

_____

PER CURIAM

Shaukat Ali ("Ali"), proceeding pro se, appeals the District Court's dismissal of his complaint.[1] After a *sua sponte* review of his initial filing, the District Court was unable to discern the basis of federal subject matter jurisdiction and directed Ali to show cause why the action should not be dismissed.[2] In response to the District Court's order, Ali filed an amended complaint raising additional claims against additional parties. His claims related to the circumstances of his divorce, the disposition of marital assets, allegations that state officials failed to enforce court orders related to his divorce—including prosecution of conduct he deemed unlawful—and a single claim of unlawful arrest.

The majority of Ali's claims were based solely in state law—several appear to have no basis in any law, state or federal. The District Court correctly held that the alleged failures to investigate and prosecute actions which Ali deemed unlawful did not constitute a federal cause of action. Furthermore, there was no basis for diversity jurisdiction because Ali and most of the named defendants are citizens of the state of

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's *sua sponte* dismissal. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm the District Court's judgment on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011).

[2] Several defendants filed motions to dismiss claims as barred by res judicata. Those motions were mooted by the District Court's *sua sponte* dismissal for lack of subject matter jurisdiction, and the Court's failure to dispose of them was harmless error.

2

New Jersey.[3]  28 U.S.C. § 1332; see Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) ("[J]urisdiction [under § 1332] is lacking if any plaintiff and any defendant are citizens of the same state.") (citations omitted).

On appeal, Ali argues that he had filed a federal claim and sought to invoke the District Court's pendent jurisdiction to pursue his many state law causes of action.  That federal claim was a civil-rights action pursuant to 42 U.S.C. § 1983 arising from his allegedly unlawful 1998 arrest on domestic violence charges.  Ali has already pursued this claim in a prior suit, see Ali v. N.J. State Police Dep't, 120 F. App'x 900 (3d Cir. 2005), and is precluded from raising it again.  Allen v. McCurry, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). The District Court correctly dismissed his putative federal claim, and did not err by dismissing the remaining state claim. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed . . . the state claims should be dismissed as well.").

Accordingly, we will affirm the decision of the District Court.  The motion for sanctions is denied.

---

[3] The District Court determined that there was no diversity, however one of the defendants is a resident of the state of Maine.  As the remaining defendants are citizens of the same state as Ali, this error was harmless.